PHILIP L. GUARINO, ESQ
GUARINO & CO. LAW FIRM, LLC
300 Main Street, Suite 552
Madison, NJ 07940
973/272-4147
e-mail: guarinolaw@gmail.com
Counsel for Defendants/Third-Party
Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC, a Delaware Corporation, | : : : |
| Plaintiff, | : Civil Action No. 20-CV-5995 : : |
| v. | : : |
| GOLDEN TREASURY II, LLC, a Washington Limited Liability Company, CHONG S. YI, an individual, and MARGARET YI, an individual, | : **ANSWER, THIRD-PARTY COMPLAINT** : **AND DEMAND FOR TRIAL BY JURY** : : : : |
| Defendants/Third-Party Plaintiffs, | : : : |
| v. | : : |
| KY LLC, JAMES YANG, PAUL KIM AND HAIGEUN JUNG, | : : : |
| Third-Party Defendants. | : : |

Defendants, through the undersigned attorney, by way of Answer to the complaint state:

**PARTIES, JURISDICTION AND VENUE**

1. Lack information and knowledge sufficient upon which to form a belief as to the truth of the allegations of this paragraph, and leave plaintiff to its proofs.

2. Admit.

1

3. Admit.

4. Admit.

5. Admits.

6. Admit.

7. Deny.

8. Deny.

9. Deny.

**ALLEGATIONS COMMON TO ALL COUNTS**

10. Admit.

11. Admit.

12. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

13. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

14. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

15. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

16. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

17. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

18. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

19. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

20. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

21. Admit.

22. State that the terms of the Guaranty speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

23. State that the terms of the Guaranty speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

24. Admit.

25. Admit.

## FIRST COUNT

26. Repeat all prior answers.

27. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

28. Lack information and knowledge sufficient to form a belief as to who plaintiff calculated monetary amounts that it seeks to recover in this action, and leave plaintiff to its proofs.

29. Deny.

## SECOND COUNT

30. Repeat all prior answers.

31. Admit.

32. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

33. Deny.

34. Admit demand for payment and that payment was not made, but deny any obligation to make payment.

35. Deny.

### THIRD COUNT

36. Repeats all prior answers.

37. Deny.

38. Deny.

39. Deny.

### FOURTH COUNT

40. Repeats all prior answers.

41. State that the terms of the License Agreement speak for themselves, and deny to the extent the allegation is contradicted by the terms of the License Agreement.

42. Admit that payment was not made, but deny any obligation to make payment.

43. Deny.

### FIFTH COUNT

44. Repeats all prior answers.

45. Deny.

46. Admit failure to pay, but deny any obligation to pay.

47. Deny.

### SIXTH COUNT

48. Repeats all prior answers.

49. State that the terms of the Guaranty speak for themselves, and deny to the extent the allegation is contradicted by the terms of the Guaranty.

50. Admit failure to pay, but deny any obligation to pay.

51. Deny.

## FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff, not defendants, breached express terms of the License Agreement as well as the implied covenant of good faith and fair dealing.

## THIRD SEPARATE DEFENSE

Any breach of the License Agreement by defendants was caused by plaintiff's wrongful conduct.

## FOURTH SEPARATE DEFENSE

The relief sought by plaintiff is barred by the doctrine of unclean hands.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred because it has failed to allege sufficient facts to support them.

## SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, estoppel and laches.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate any alleged damages.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of avoidable consequences.

## NINTH SEPARATE DEFENSE

The relief sought by plaintiff is barred, in whole or in part, by its own negligent and/or intentional misconduct.

### TENTH SEPARATE DEFENSE

Plaintiff fraudulently induced defendants into entering into the License Agreement and guaranty.

### ELEVENTH SEPARATE DEFENSE

Plaintiff failed to provide proper notice of any alleged breach of the License Agreement.

### TWELFTH SEPARATE DEFENSE

Individual defendants have no liability on the guaranty, because the principal obligor is not liable to plaintiff for all the reasons set forth in the many defenses to this action.

### THIRTEENTH SEPARATE DEFENSE

Individual defendants have no liability on the personal guaranty, because they were fraudulently induced into executing them.

### FOURTEENTH SEPARATE DEFENSE

Upon information and belief, plaintiff breached the License Agreement, and thereby relieved defendants of any obligation of further performance, because, *inter alia*, plaintiff failed to provide proper marketing support; failed to respond to defendants' repeated inquiries and requests; failed to perform the services for which it was to be paid fees; failed to properly provide advertising and promotional services; failed to provide business leads and take proper steps to assist in generating business; failed to provide proper training; and otherwise completely abdicated its role as franchisor and failed to fulfill its obligations under the License Agreement.

### FIFTEENTH TH SEPARATE DEFENSE

Defendants fully performed all contractual obligations.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's breach and/or anticipatory breach of the License Agreement relieved defendants of any further obligation to perform.

## SEVENTEENTH SEPARATE DEFENSE

The Court lacks *in personam* jurisdiction over the defendants.

**WHEREFORE**, defendants demand that the complaint against them be dismissed with prejudice, and with costs.

## THIRD-PARTY COMPLAINT

Golden Treasury II, LLC ("Golden Treasury"), Chong S. Yi and Margaret Yi, by way of third-party complaint against KY LLC, James Yang ("Yang"), Paul Kim ("Kim") and Haigeun Jung ("Jung"), allege:

1. Golden Treasury was a Days Inns Worldwide, Inc. ("Days Inns") franchisee, and it operated a Days Inns hotel located in Port Orchard, Washington.

2. Golden Treasury terminated its Days Inns franchise by letter dated December 10, 2019.

3. Golden Treasury terminated its Days Inns franchise, because in or about April 15, 2019 Golden Treasury sold the underlying real estate to KY LLC, whose members are Yang, Kim and Jung. Golden Treasury terminated the franchise at the request of KY LLC.

4. Golden Treasury was induced to sell to KY LLC by misrepresentations of Yang, Kim and Jung concerning the payment of all fees to Days Inns. But for those misrepresentations, Golden Treasury would not have sold the property and business to KY LLC.

5. Third-party plaintiffs have suffered damage as a result of the breach of contract by KY LLC and the misrepresentations of Yang, Kim and Jung. Said damages include (i) the amount of any exposure on the part of third-party plaintiffs to the continued claims of Days

7

Inns, and (ii) the cost to third-party plaintiffs of opposing the claims asserted against them by Days Inns.

6. This Court has subject matter jurisdiction of this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) in that the claims asserted herein are so related to the claims raised in the Complaint, which is within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Said relation includes that the claims in this Third-Party Complaint arise from the same dealings among the same parties, and from the same underlying operative facts, as do the claims contained in the Complaint.

7. This Court possesses personal jurisdiction of the third-party defendants because their conduct set forth herein constituted intentional and affirmative acts calculated to create actionable events in this State that third-party defendants should have reasonably foreseen would lead to significant effects, economic damages, and claims here, and in fact did so. Third-party defendants were fully aware that plaintiff Days Inns would pursue in this State any claims for fees allegedly owed Days Inns by third-party plaintiffs, and that the third-party plaintiffs were subject to such claims being brought against them in New Jersey. Third-party defendants knew that their breach of contract and misrepresentations would result in third-party plaintiffs being sued in New Jersey and being forced to defend such action in this State.

8. Venue in this District is proper insofar as venue is proper here with respect to the Complaint.

**COUNT ONE**
**(Indemnification and Contribution)**

9. Third-party plaintiffs repeat and reallege, and incorporate herein, all prior allegations.

10. In connection with the April 15, 2019 sale to KY LLC, KY LLC agreed that it would be responsible for any fees resulting from the termination of the franchise.

11. In connection with the April 15, 2019 sale to KY LLC, KY LLC also agree to be responsible for any and all future fees owed Days Inns resulting from the running of the business.

12. Third-party plaintiffs deny any liability on their part to plaintiff Days Inns. If, however, they are adjudicated to have any liability whatsoever to plaintiff Days Inns, such liability was the result in whole or in part of the misconduct of third-party defendants in breaching their agreement to pay all termination and other fees to Days Inns since April 15, 2019.

13. Accordingly, if third-party plaintiffs are found to have any liability toward plaintiff Days Inns, third-party defendants are liable over to them in whole or in part for such liability on the basis of contractual indemnity or contribution, and third-party plaintiffs are entitled to recover from third-party defendants.

## COUNT TWO
### (Misrepresentation/Fraudulent Inducement)

14. Third-party plaintiffs repeat and reallege, and incorporate herein, all prior allegations.

15. The sale of the real estate and business was negotiated with James Yang, Paul Kim and Haigeun Jung ("Individual Defendants").

16. At the time of the negotiations, the Individual Defendants promised and represented that all termination fees and other fees owed Days Inn from April 15, 2019 onward would be paid by KY LLC and/or the Individual Defendants.

17. The Individual Defendants intended that third-party plaintiffs rely upon their

9

representations, and the third-party plaintiffs reasonably did so and were fraudulently induced into entering into the sale to KY LLC.

18. The representations of the Individual Defendants were false, as they never intended to pay such fees and, in fact, have not done so.

19. Third-party plaintiffs have been damaged as a result of defendants' misrepresentations.

## COUNT THREE
### (Breach of Contract)

20. Third-party plaintiffs repeat and reallege, and incorporate herein, all prior allegations.

21. KY LLC breached the April 15, 2019 contract that it entered into with Golden Treasury, as KY LLC has not paid all termination and other fees owed Days Inns.

22. Third-party plaintiffs have been damaged as a result of KY LLC's breach of contract.

## COUNT FOUR
### (Piercing the Corporate Veil)

23. Third-party plaintiffs repeat and reallege, and incorporate herein, all prior allegations.

24. In fraudulently promising that KY LLC would pay all termination and other fees owed Days Inns, the Individual Defendants had no intention that KY LLC would do so, and/or knew that KY LLC would lack the financial ability to do so. Upon information and belief, KY LLC was inadequately capitalized.

25. In negotiating the sale to KY LLC, the Individual Defendants did not distinguish between themselves and the company. They treated the company and the Individual Defendants as if they were one and the same. Moreover, the Individual Defendants were in complete control of KY LLC.

**WHEREFORE,** third-party plaintiffs Golden Treasury II, LLC, Chong S. Yi and Margaret Yi demand judgment, jointly and severally, against third-party defendants KY LLC, James Yang, Paul Kim and Haigeun Jung as follows:

**On Count One**: Against KY LLC for compensatory damages indemnifying third-party plaintiffs against any loss or liability to plaintiff Days Inns, or for contribution, plus costs of suit, attorneys' fees and pre-and post-judgment interest.

**On Count Two:** Against James Yang, Paul Kim and Haigeun Jung for compensatory and punitive damages, plus costs of suit and pre- and post-judgment interest.

**On Count Three:** Against KY LLC for compensatory damages, plus costs of suit and pre- and post-judgment interest.

**On Count Four:** Against James Yang, Paul Kim and Haigeun Jung for compensatory and punitive damages, plus costs of suit, attorneys' fees and pre- and post-judgment interest.

            S/<u>Philip L. Guarino, Esq.</u>
            GUARINO & CO. LAW FIRM, LLC
            300 Main Street, Suite 552
            Madison, NJ 07940
            973/272-4147
            e-mail: guarinolaw@gmail.com
            Counsel for Defendants/Third-Party Plaintiffs

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable.

                                          S/<u>Philip L. Guarino, Esq.</u>

                                          GUARINO & CO. LAW FIRM, LLC
                                          300 Main Street, Suite 552
                                          Madison, NJ 07940
                                          973/272-4147
                                          e-mail: guarinolaw@gmail.com
                                          Counsel for Defendants/Third-Party Plaintiffs